**Rasheed SHABAZZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82927.**

Missouri Court of Appeals, Eastern District, Division One.

May 18, 2004.

Maleaner Harvey, St. Louis, MO, for appellant.

Andrea Kaye Spillars, Dora A. Fichter, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J., and MARY R. RUSSELL, J.

### ORDER

PER CURIAM.

Rasheed Shabazz ("Movant") appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant sought post-conviction relief following his conviction for murder in the second degree. We previously affirmed Movant's conviction on direct appeal. *State v. Shabazz,* 48 S.W.3d 113 (Mo.App.2001).

Movant argues in his first point on appeal that the motion court erred in denying him post-conviction relief following an evidentiary hearing because his trial counsel was ineffective for failing to object to the admission of out-of-court statements made by his four-year old daughter, Kyna Cooper, about witnessing the death of the victim. Movant asserts that Kyna's statements were inadmissible under section 491.075 RSMo.1994[1] because Kyna was

---

1. This is the version of the statute that was in effect when Movant was convicted in October 1999. We note, however, that the language of section 491.075 is the same today as it was in RSMo.1994.

not an alleged victim of the crime. Movant's second point asserts that the motion court erred in denying him post-conviction relief because his trial counsel was ineffective for "opening the door to [Movant's] prior arrests by asking him on direct examination" whether he had "ever been in trouble with the law."

We find that the motion court's judgment was based on findings of fact and conclusions of law that are not clearly erroneous and affirm. An extended opinion would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the motion court's judgment pursuant to Rule 84.16(b).